**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

KIMBERLY S. FISCHER, as )
Substitute-Trustee of the )
Revocable now Irrevocable Trust of )
Ellan J. Levitsky Orkin, )
         )
         Plaintiff, )
         )
         v. )      C.A. No. 2022-1159-SEM
         )
TINA RENEE RAMBO, )
formerly known as Tina Faulkner, )
         )
         Defendant. )

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

WHEREAS, on December 15, 2022, Kimberly Fischer (the "Plaintiff"), as substitute trustee of the trust of Ellan J. Levitsky Orkin (the "Trust"), filed a complaint seeking declaratory judgment against Tina Renee Rambo (the "Defendant," with the Plaintiff, the "Parties");[1]

WHEREAS, this is not the Parties' first litigation in this Court; I presided over a prior action, Civil Action No. 2022-0161-SEM, where the Parties' roles were reversed, with the Defendant seeking relief in her favor and against the Plaintiff (the "First Action");[2] in pertinent part and among other relief, the Defendant sought to

---

[1] Docket Item ("D.I.") 1.

[2] *See Rambo v. Fischer*, 2022 WL 4180890, at *4 (Del. Ch. Sep. 13, 2022), *aff'd sub nom. In re Orkin*, 2022 WL 4549173 (Del. Ch. Sep. 28, 2022).

1

invalidate the Trust;[3] through a September 13, 2022 final report, I dismissed the Defendant's complaint in the First Action;[4] no exceptions were filed, my final report was adopted, and the First Action was marked closed on September 28, 2022;[5]

WHEREAS, more than two years prior, the Defendant had already received her distribution from the Trust ($750,000.00);[6] through this action, the Plaintiff seeks to recover that distribution (minus $1.00) for the benefit of the Trust under the theory that the Defendant violated the Trust's no contest clause by bringing the First Action;[7]

WHEREAS, the Defendant answered the complaint in this action on January 13, 2023, and shortly thereafter served discovery; the Plaintiff, on March 21, 2023, filed an expedited motion to temporarily stay the Defendant's subpoenas to third parties and then moved to quash same;[8] that same day, the Plaintiff moved for summary judgment (the "Motion") before any additional discovery occurred;[9]

---

[3] *Id.*

[4] *Id.* at *9.

[5] *See In re Orkin*, 2022 WL 4549173, at *1 (Del. Ch. Sep. 28, 2022).

[6] *See* D.I. 5 ¶12.

[7] *See generally* D.I. 1. Article IX of the Trust provides: "should any person, whether a beneficiary under this Trust or not mentioned herein, contest this Trust or object to any of its provisions, then to such person or persons, the Grantor hereby gives and bequeaths the sum of One Dollar ($1.00), and no more, in lieu of the provision which she has made or which she might have made herein for such person or persons[.]" *Id.* at Ex. A, p.10–11.

[8] D.I. 8–9.

[9] D.I. 10.

WHEREAS, on April 5, 2023, I denied the motion to stay and on June 28, 2023, after full briefing, I denied the motion to quash;[10] in my order denying the motion to quash, I noted the Motion appeared fully briefed as of June 12, 2023 and advised that I would take it under advisement;[11]

WHEREAS, thereafter, new counsel entered an appearance for the Defendant and filed a motion for leave to file a supplemental response to the Motion;[12] I stayed my ruling on the Motion and directed the Parties to brief the motion for leave;[13] the motion for leave was fully briefed on October 25, 2023 and granted on December 8, 2023;[14] I provided the Defendant 20 days from my order to file the supplemental brief and permitted the Plaintiff 20 days from filing to submit a reply;[15] that supplemental briefing was completed on February 15, 2024;[16]

WHEREAS, the Motion comes under Court of Chancery Rule 56 which permits summary judgment if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law[;]"[17] "[i]n deciding

---

[10] D.I. 15, 26–27.

[11] D.I. 27.

[12] D.I. 30.

[13] D.I. 32.

[14] D.I. 36–37.

[15] D.I. 37.

[16] *See* D.I. 43.

[17] Ct. Ch. R. 56(c).

a motion for summary judgment, the facts must be viewed in the light most favorable to the nonmoving party and the moving party has the burden of demonstrating that there is no material question of fact[;]"[18]

WHEREAS, "[t]here is no right to a summary judgment[;]"[19] "[e]ven where the facts are not in dispute, a court may decline to grant summary judgment where a more thorough exploration of the facts is needed to properly apply the law to the circumstances[;]"[20] when addressing a motion for summary judgment, "[t]he Magistrate [may] simply defer[] a determination of whether a party is entitled to judgment until an appropriate record has been created[;]"[21]

**IT IS HEREBY ORDERED**, this 31st day of May 2024, as follows:

---

[18] *Senior Tour Players 207 Mgmt. Co. LLC v. Golftown 207 Hldg. Co.*, 853 A.2d 124, 126 (Del. Ch. 2004) (citing *Tanzer v. Int'l Gen. Inds., Inc.*, 402 A.2d 382, 385 (Del. Ch. 1979)).

[19] *Stone & Paper Invs., LLC v. Blanch*, 2020 WL 6373167, at *1 (Del. Ch. Oct. 30, 2020) (quoting *Telxon Corp. v. Meyerson*, 802 A.2d 257, 262 (Del. 2002)) (internal quotation marks omitted).

[20] *In re Tri-Star Pictures, Inc., Litig.*, 1995 WL 106520, at *5 (Del. Ch. Mar. 9, 1995) (citations omitted); *see also In re El Paso Pipeline P'rs, L.P. Deriv. Litig.*, 2014 WL 2768782, at *9 (Del. Ch. June 12, 2014) ("[T]he court may, in its discretion, deny summary judgment if it decides upon a preliminary examination of the facts presented that it is desirable to inquire into and develop the facts more thoroughly at trial in order to clarify the law or its application.") (citations omitted).

[21] *August v. Glade Prop. Owners Ass'n, Inc.*, 2023 WL 5431953, at *2 (Del. Ch. Aug. 23, 2023).

1.    The Motion is DENIED, without prejudice to renew after further factual development.  The Parties shall promptly meet and confer on a schedule working toward a final resolution through such renewed briefing or trial.

2.    The Plaintiff attempts to simplify this matter as turning primarily (if not solely) on contract interpretation; the Trust's no contest provision, per the Plaintiff, is clear and unambiguous and was triggered by the First Action.  Relief must, thus, be granted.  But even if I agree that contract interpretation will prove simple, the Defendant has articulated defenses which require further factual development. As one example, the Defendant briefed a standing concern, questioning the Plaintiff's continued ability to pursue relief on behalf of the Trust, which may be fully administered and terminated.  I disagree with the Plaintiff that the concern is a "red herring." It is, rather, a threshold issue that must be explored further.[22]  The Plaintiff purported to bring this action in her role as trustee of the Trust.  If she no longer serves in that role and the Trust has been terminated, standing is a genuine issue.

---

[22] *See Dover Hist. Soc. v. City of Dover Plan. Comm'n*, 838 A.2d 1103, 1110 (Del. 2003) ("The term standing refers to the right of a party to invoke the jurisdiction of a court to enforce a claim or to redress a grievance. Standing is a threshold question that must be answered by a court affirmatively to ensure that the litigation before the tribunal is a case or controversy that is appropriate for the exercise of the court's judicial powers. The issue of standing is concerned only with the question of *who* is entitled to mount a legal challenge and not with the merits of the subject matter in controversy.") (citations and quotations omitted) (emphasis in original).

3.      All told, this action is not suited, at this stage, for summary judgment. There has been little (if any) discovery and the factual record will need to be further developed for the Parties to truly join issue on the Defendant's defenses, and any preclusive effect that may attach from the First Action.[23]

4.      The Defendant requests, by footnote in her supplemental brief, leave to amend her answer. In her final reply, the Plaintiff did not directly respond to such request, let alone lodge an opposition. On this record, and under Court of Chancery Rule 15(a), which directs that leave "shall be freely given when justice so requires[,]" the request for leave is granted. The Parties shall include the amended answer deadline in their proposed schedule.

5.      This is a final report under Court of Chancery Rule 143 and exceptions may be filed under Rule 144. The stay on any prior exceptions is hereby lifted.

**IT IS SO ORDERED.**

*/s/ Selena E. Molina*
Magistrate Selena E. Molina

---

[23] In so holding, I have not considered the Defendant's affidavit and, thus, need not address the Plaintiff's challenge thereto.